**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DIGOIL,

                    *Petitioner*,

        *v.*                                    Civil Action No. _____

Democratic Republic of Congo,

                    *Respondent*.

**Petition to Confirm Arbitral Award**

# EXHIBIT 1

# MULTILATERAL

## Recognition and Enforcement of Foreign Arbitral Awards[1]

*Convention done at New York June 10, 1958;[2]*
*Accession, with declarations, advised by the Senate of the United*
      *States of America October 4, 1968;*
*Accession, with said declarations, approved by the President of*
      *the United States of America September 1, 1970;*
*Accession of the United States of America, with said declarations,*
      *deposited with the Secretary-General of the United Nations*
      *September 30, 1970;*
*Proclaimed by the President of the United States of America*
      *December 11, 1970;*
*Entered into force with respect to the United States of America*
      *December 29, 1970.*

---------

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

## A PROCLAMATION

CONSIDERING THAT:

The Convention on the Recognition and Enforcement of Foreign
Arbitral Awards was adopted at New York on June 10, 1958, the
text of which is as follows:

---------

[1] For note by the Department of State, see p. 2561.
[2] Texts as certified by the Secretary-General of the United Nations.

56-984-O-71-pt.3-28

# UNITED NATIONS CONFERENCE
# ON INTERNATIONAL COMMERCIAL ARBITRATION

# CONVENTION
## ON THE RECOGNITION AND ENFORCEMENT
## OF FOREIGN ARBITRAL AWARDS



*UNITED NATIONS*
*1958*

TIAS 6997

## CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS

### Article I

1. This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal. It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.

2. The term "arbitral awards" shall include not only awards made by arbitrators appointed for each case but also those made by permanent arbitral bodies to which the parties have submitted.

3. When signing, ratifying or acceding to this Convention, or notifying extension under article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration. [1]

### Article II

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

3. The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

### Article III

Each Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles. There shall not be imposed substantially more onerous conditions or higher fees or charges on the recognition or enforcement of arbitral awards to which this Convention applies than are imposed on the recognition or enforcement of domestic arbitral awards.

### Article IV

1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforce-

---

[1] For note by the Department of State, see p. 2561.

ment shall, at the time of the application, supply:

(*a*) The duly authenticated original award or a duly certified copy thereof;

(*b*) The original agreement referred to in article II or a duly certified copy thereof.

2. If the said award or agreement is not made in an official language of the country in which the award is relied upon, the party applying for recognition and enforcement of the award shall produce a translation of these documents into such language. The translation shall be certified by an official or sworn translator or by a diplomatic or consular agent.

### Article V

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(*a*) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(*b*) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(*c*) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains

decisions on matters submitted to arbitration may be recognized and enforced; or

(*d*) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(*e*) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(*a*) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(*b*) The recognition or enforcement of the award would be contrary to the public policy of that country.

### Article VI

If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V (1) (e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

### Article VII

1. The provisions of the present Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive

any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.

2. The Geneva Protocol on Arhitration Clauses of 1923 and the Geneva Convention on the Execution of Foreign Arbitral Awards of 1927[1] shall cease to have effect between Contracting States on their becoming bound and to the extent that they become bound, by this Convention.

### Article VIII

1. This Convention shall be open until 31 December 1958 for signature on behalf of any Member of the United Nations and also on behalf of any other State which is or hereafter becomes a member of any specialized agency of the United Nations, or which is or hereafter becomes a party to the Statute of the International Court of Justice,[2] or any other State to which an invitation has been addressed by the General Assembly of the United Nations.

2. This Convention shall be ratified and the instrument of ratification shall be deposited with the Secretary-General of the United Nations.

### Article IX

1. This Convention shall be open for accession to all States referred to in article VIII.

2. Accession shall be effected by the deposit of an instrument of accession with the Secretary-General of the United Nations.

### Article X

1. Any State may, at the time of signature, ratification or accession, declare that this Convention shall extend to all or any of the territories for the international relations of which

it is responsible. Such a declaration shall take effect when the Convention enters into force for the State concerned.

2. At any time thereafter any such extension shall be made by notification addressed to the Secretary-General of the United Nations and shall take effect as from the ninetieth day after the day of receipt by the Secretary-General of the United Nations of this notification, or as from the date of entry into force of the Convention for the State concerned, whichever is the later.

3. With respect to those territories to which this Convention is not extended at the time of signature, ratification or accession, each State concerned shall consider the possibility of taking the necessary steps in order to extend the application of this Convention to such territories, subject, where necessary for constitutional reasons, to the consent of the Governments of such territories.

### Article XI

In the case of a federal or non-unitary State, the following provisions shall apply:

(a) With respect to those articles of this Convention that come within the legislative jurisdiction of the federal authority, the obligations of the federal Government shall to this extent be the same as those of Contracting States which are not federal States;

(b) With respect to those articles of this Convention that come within the legislative jurisdiction of constituent states or provinces which are not, under the constitutional system of the federation, bound to take legislative action, the federal Government shall bring such articles with a favourahle recommendation to the notice of the appropriate authorities of constituent states or provinces at the earliest possible moment;

(c) A federal State Party to this Convention shall, at the request of any other Contracting

---

[1] 27 LNTS 157 ; 92 LNTS 301.
[2] TS 993 ; 59 Stat. 1055.

State transmitted through the Secretary-General of the United Nations, supply a statement of the law and practice of the federation and its constituent units in regard to any particular provision of this Convention, showing the extent to which effect has been given to that provision by legislative or other action.

### Article XII

1. This Convention shall come into force on the ninetieth day following the date of deposit of the third instrument of ratification or accession.

2. For each State ratifying or acceding to this Convention after the deposit of the third instrument of ratification or accession, this Convention shall enter into force on the ninetieth day after deposit by such State of its instrument of ratification or accession.

### Article XIII

1. Any Contracting State may denounce this Convention by a written notification to the Secretary-General of the United Nations. Denunciation shall take effect one year after the date of receipt of the notification by the Secretary-General.

2. Any State which has made a declaration or notification under article X may, at any time thereafter, by notification to the Secretary-General of the United Nations, declare that this Convention shall cease to extend to the territory concerned one year after the date of the receipt of the notification by the Secretary-General.

3. This Convention shall continue to be applicable to arbitral awards in respect of which recognition or enforcement proceedings have been instituted before the denunciation takes effect.

### Article XIV

A Contracting State shall not be entitled to avail itself of the present Convention against other Contracting States except to the extent that it is itself bound to apply the Convention.

### Article XV

The Secretary-General of the United Nations shall notify the States contemplated in article VIII of the following:

(a) Signatures and ratifications in accordance with article VIII;

(b) Accessions in accordance with article IX;

(c) Declarations and notifications under articles I, X and XI;

(d) The date upon which this Convention enters into force in accordance with article XII;

(e) Denunciations and notifications in accordance with article XIII.

### Article XVI

1. This Convention, of which the Chinese, English, French, Russian and Spanish texts shall be equally authentic, shall be deposited in the archives of the United Nations.

2. The Secretary-General of the United Nations shall transmit a certified copy of this Convention to the States contemplated in article VIII.

Case 1:20-cv-01130-RJL   Document 1-1   Filed 04/30/20   Page 8 of 51

CONFERENCE DES NATIONS UNIES

SUR L'ARBITRAGE COMMERCIAL INTERNATIONAL

# CONVENTION

POUR LA RECONNAISSANCE ET L'EXECUTION

DES SENTENCES ARBITRALES ETRANGERES



*NATIONS UNIES*

*1958*

**TIAS 6997**

## CONVENTION POUR LA RECONNAISSANCE ET L'EXECUTION
### DES SENTENCES ARBITRALES ETRANGERES

### Article premier

1. La présente Convention s'applique à la reconnaissance et à l'exécution des sentences arbitrales rendues sur le territoire d'un Etat autre que celui où la reconnaissance et l'exécution des sentences sont demandées, et issues de différends entre personnes physiques ou morales. Elle s'applique également aux sentences arbitrales qui ne sont pas considérées comme sentences nationales dans l'Etat où leur reconnaissance et leur exécution sont demandées.

2. On entend par "sentences arbitrales" non seulement les sentences rendues par des arbitres nommés pour des cas déterminés, mais également celles qui sont rendues par des organes d'arbitrage permanents auxquels les parties se sont soumises.

3. Au moment de signer ou de ratifier la présente Convention, d'y adhérer ou de faire la notification d'extension prévue à l'article X, tout Etat pourra, sur la base de la réciprocité, déclarer qu'il appliquera la Convention à la reconnaissance et à l'exécution des seules sentences rendues sur le territoire d'un autre Etat contractant. Il pourra également déclarer qu'il appliquera la Convention uniquement aux différends issus de rapports de droit, contractuels ou non contractuels, qui sont considérés comme commerciaux par sa loi nationale.

### Article II

1. Chacun des Etats contractants reconnaît la convention écrite par laquelle les parties s'obligent à soumettre à un arbitrage tous les différends ou certains des différends qui se sont élevés ou pourraient s'élever entre elles au sujet d'un rapport de droit déterminé, contractuel ou non contractuel, portant sur une question susceptible d'être réglée par voie d'arbitrage.

2. On entend par "convention écrite" une clause compromissoire insérée dans un contrat, ou un compromis, signés par les parties ou contenus dans un échange de lettres ou de télégrammes.

3. Le tribunal d'un Etat contractant, saisi d'un litige sur une question au sujet de laquelle les parties ont conclu une convention au sens du présent article, renverra les parties à l'arbitrage, à la demande de l'une d'elles, à moins qu'il ne constate que ladite convention est caduque, inopérante ou non susceptible d'être appliquée.

### Article III

Chacun des Etats contractants reconnaîtra l'autorité d'une sentence arbitrale et accordera l'exécution de cette sentence conformément aux règles de procédure suivies dans le territoire où la sentence est invoquée, aux conditions établies dans les articles suivants. Il ne sera pas imposé, pour la reconnaissance ou l'exécution des sentences arbitrales auxquelles s'applique la présente Convention, de conditions sensiblement plus rigoureuses, ni de frais de justice sensiblement plus élevés, que ceux qui sont imposés pour la reconnaissance ou l'exécution des sentences arbitrales nationales.

### Article IV

1. Pour obtenir la reconnaissance et l'exécution visées à l'article précédent, la partie qui

demande la reconnaissance et l'exécution doit fournir, en même temps que la demande:

*a)* L'original dûment authentifié de la sentence ou une copie de cet original réunissant les conditions requises pour son authenticité;

*b)* L'original de la convention visée à l'article II, ou une copie réunissant les conditions requises pour son authenticité.

2. Si ladite sentence ou ladite convention n'est pas rédigée dans une langue officielle du pays où la sentence est invoquée, la partie qui demande la reconnaissance et l'exécution de la sentence aura à produire une traduction de ces pièces dans cette langue. La traduction devra être certifiée par un traducteur officiel ou un traducteur juré ou par un agent diplomatique ou consulaire.

### Article V

1. La reconnaissance et l'exécution de la sentence ne seront refusées, sur requête de la partie contre laquelle elle est invoquée, que si cette partie fournit à l'autorité compétente du pays où la reconnaissance et l'exécution sont demandées la preuve:

*a)* Que les parties à la convention visée à l'article II étaient, en vertu de la loi à elles applicable, frappées d'une incapacité, ou que ladite convention n'est pas valable en vertu de la loi à laquelle les parties l'ont subordonnée ou, à défaut d'une indication à cet égard, en vertu de la loi du pays où la sentence a été rendue; ou

*b)* Que la partie contre laquelle la sentence est invoquée n'a pas été dûment informée de la désignation de l'arbitre ou de la procédure d'arbitrage, ou qu'il lui a été impossible, pour une autre raison, de faire valoir ses moyens; ou

*c)* Que la sentence porte sur un différend non visé dans le compromis ou n'entrant pas dans les prévisions de la clause compromissoire, ou qu'elle contient des décisions qui dépassent

les termes du compromis ou de la clause compromissoire; toutefois, si les dispositions de la sentence qui ont trait à des questions soumises à l'arbitrage peuvent être dissociées de celles qui ont trait à des questions non soumises à l'arbitrage, les premières pourront être reconnues et exécutées; ou

*d)* Que la constitution du tribunal arbitral ou la procédure d'arbitrage n'a pas été conforme à la convention des parties, ou, à défaut de convention, qu'elle n'a pas été conforme à la loi du pays où l'arbitrage a eu lieu; ou

*e)* Que la sentence n'est pas encore devenue obligatoire pour les parties ou a été annulée ou suspendue par une autorité compétente du pays dans lequel, ou d'après la loi duquel, la sentence a été rendue.

2. La reconnaissance et l'exécution d'une sentence arbitrale pourront aussi être refusées si l'autorité compétente du pays où la reconnaissance et l'exécution sont requises constate:

*a)* Que, d'après la loi de ce pays, l'objet du différend n'est pas susceptible d'être réglé par voie d'arbitrage; ou

*b)* Que la reconnaissance ou l'exécution de la sentence serait contraire à l'ordre public de ce pays.

### Article VI

Si l'annulation ou la suspension de la sentence est demandée à l'autorité compétente visée à l'article V, paragraphe 1, *e,* l'autorité devant qui la sentence est invoquée peut, si elle l'estime approprié, surseoir à statuer sur l'exécution de la sentence; elle peut aussi, à la requête de la partie qui demande l'exécution de la sentence, ordonner à l'autre partie de fournir des sûretés convenables.

### Article VII

1. Les dispositions de la présente Convention ne portent pas atteinte à la validité des

accords multilatéraux ou bilatéraux conclus par les Etats contractants en matière de reconnaissance et d'exécution de sentences arbitrales et ne privent aucune partie intéressée du droit qu'elle pourrait avoir de se prévaloir d'une sentence arbitrale de la manière et dans la mesure admises par la législation ou les traités du pays où la sentence est invoquée.

2. Le Protocole de Genève de 1923 relatif aux clauses d'arbitrage et la Convention de Genève de 1927 pour l'exécution des sentences arbitrales étrangères cesseront de produire leurs effets entre les Etats contractants du jour, et dans la mesure, où ceux-ci deviendront liés par la présente Convention.

### Article VIII

1. La présente Convention est ouverte jusqu'au 31 décembre 1958 à la signature de tout Etat Membre des Nations Unies, ainsi que de tout autre Etat qui est, ou deviendra par la suite, membre d'une ou plusieurs institutions spécialisées des Nations Unies ou partie au Statut de la Cour internationale de Justice, ou qui aura été invité par l'Assemblée générale des Nations Unies.

2. La présente Convention doit être ratifiée et les instruments de ratification déposés auprès du Secrétaire général de l'Organisation des Nations Unies.

### Article IX

1. Tous les Etats visés à l'article VIII peuvent adhérer à la présente Convention.

2. L'adhésion se fera par le dépôt d'un instrument d'adhésion auprès du Secrétaire général de l'Organisation des Nations Unies.

### Article X

1. Tout Etat pourra, au moment de la signature, de la ratification ou de l'adhésion,

déclarer que la présente Convention s'étendra à l'ensemble des territoires qu'il représente sur le plan international, ou à l'un ou plusieurs d'entre eux. Cette déclaration produira ses effets au moment de l'entrée en vigueur de la Convention pour ledit Etat.

2. Par la suite, toute extension de cette nature se fera par notification adressée au Secrétaire général de l'Organisation des Nations Unies et produira ses effets à partir du quatre-vingt-dixième jour qui suivra la date à laquelle le Secrétaire général de l'Organisation des Nations Unies aura reçu la notification, ou à la date d'entrée en vigueur de la Convention pour ledit Etat si cette dernière date est postérieure.

3. En ce qui concerne les territoires auxquels la présente Convention ne s'applique pas à la date de la signature, de la ratification ou de l'adhésion, chaque Etat intéressé examinera la possibilité de prendre les mesures voulues pour étendre la Convention à ces territoires, sous réserve le cas échéant, lorsque des motifs constitutionnels l'exigeront, de l'assentiment des gouvernements de ces territoires.

### Article XI

Les dispositions ci-après s'appliqueront aux Etats fédératifs ou non unitaires:

*a)* En ce qui concerne les articles de la présente Convention qui relèvent de la compétence législative du pouvoir fédéral, les obligations du gouvernement fédéral seront les mêmes que celles des Etats contractants qui ne sont pas des Etats fédératifs;

*b)* En ce qui concerne les articles de la présente Convention qui relèvent de la compétence législative de chacun des Etats ou provinces constituants, qui ne sont pas, en vertu du système constitutionnel de la fédération, tenus de prendre des mesures législatives, le gouvernement fédéral portera le plus tôt

possible, et avec son avis favorable, lesdits articles à la connaissance des autorités compétentes des Etats ou provinces constituants;

*c)* Un Etat fédératif Partie à la présente Convention communiquera, à la demande de tout autre Etat contractant qui lui aura été transmise par l'intermédiaire du Secrétaire général de l'Organisation des Nations Unies, un exposé de la législation et des pratiques en vigueur dans la fédération et ses unités constituantes, en ce qui concerne telle ou telle disposition de la Convention, indiquant la mesure dans laquelle effet a été donné, par une action législative ou autre, à ladite disposition.

### Article XII

1. La présente Convention entrera en vigueur le quatre-vingt-dixième jour qui suivra la date du dépôt du troisième instrument de ratification ou d'adhésion.

2. Pour chacun des Etats qui ratifieront la Convention ou y adhéreront après le dépôt du troisième instrument de ratification ou d'adhésion, elle entrera en vigueur le quatre-vingt-dixième jour qui suivra la date du dépôt par cet Etat de son instrument de ratification ou d'adhésion.

### Article XIII

1. Tout Etat contractant pourra dénoncer la présente Convention par notification écrite adressée au Secrétaire général de l'Organisation des Nations Unies. La dénonciation prendra effet un an après la date où le Secrétaire général de l'Organisation des Nations Unies aura reçu la notification.

2. Tout Etat qui aura fait une déclaration ou une notification conformément à l'article X pourra notifier ultérieurement au Secrétaire général de l'Organisation des Nations Unies que la Convention cessera de s'appliquer au territoire en question un an après la date à laquelle le Secrétaire général aura reçu cette notification.

3. La présente Convention demeurera applicable aux sentences arbitrales au sujet desquelles une procédure de reconnaissance ou d'exécution aura été entamée avant l'entrée en vigueur de la dénonciation.

### Article XIV

Un Etat contractant ne peut se réclamer des dispositions de la présente Convention contre d'autres Etats contractants que dans la mesure où il est lui-même tenu d'appliquer cette convention.

### Article XV

Le Secrétaire général de l'Organisation des Nations Unies notifiera à tous les Etats visés à l'article VIII:

*a)* Les signatures et ratifications visées à l'article VIII;

*b)* Les adhésions visées à l'article IX;

*c)* Les déclarations et notifications visées aux articles premier, X et XI;

*d)* La date où la présente Convention entrera en vigueur, en application de l'article XII;

*e)* Les dénonciations et notifications visées à l'article XIII.

### Article XVI

1. La présente Convention, dont les textes anglais, chinois, espagnol, français et russe font également foi, sera déposée dans les archives de l'Organisation des Nations Unies.

2. Le Secrétaire général de l'Organisation des Nations Unies remettra une copie certifiée conforme de la présente Convention aux Etats visés à l'article VIII.

聯合國國際商事公斷會議


# 承認及執行外國公斷裁決公約





聯合國
一九五八

TIAS 6997

# 承認及執行外國公斷裁決公約

### 第一條

一．公斷裁決，因自然人或法人間之爭議而產生且在聲請承認及執行地所在國以外之國家領土內作成者，其承認及執行適用本公約。本公約對於公斷裁決經聲請承認及執行地所在國認為非內國裁決者，亦適用之。

二．“公斷裁決”一詞不僅指案案選派之公斷員所作裁決，亦指當事人提請裁斷之常設公斷機關所作裁決。

三．任何國家得於簽署、批准或加入本公約時，或於依本公約第十條通知推廣適用時，本交互原則聲明該國適用本公約，以承認及執行在另一締約國領土內作成之裁決為限。任何國家亦得聲明，該國唯於爭議起於法律關係，不論其為契約性質與否，而依提出聲明國家之國內法認為係屬商事關係者，始適用本公約。

### 第二條

一．當事人以書面協定承允彼此間所發生或可能發生之一切或任何爭議，如關涉可以公斷解決事項之確定法律關係，不論為契約性質與否，應提交公斷時，各締約國應承認此項協定。

二．稱“書面協定”者，謂當事人所簽訂或在互換函電中所載明之契約公斷條款或公斷協定。

三．當事人就訴訟事項訂有本條所稱之協定者，締約國法院受理訴訟時應依當

事人一造之請求，命當事人提交公斷，但前述協定經法院認定無效、失效或不能實行者不在此限。

### 第三條

各締約國應承認公斷裁決具有拘束力，並依援引裁決地之程序規則及下列各條所載條件執行之。承認或執行適用本公約之公斷裁決時，不得較承認或執行內國公斷裁決附加過苛之條件或徵收過多之費用。

### 第四條

一．聲請承認及執行之一造，為取得前條所稱之承認及執行，應於聲請時提具：

（甲）原裁決之正本或其正式副本，

（乙）第二條所稱協定之原本或其正式副本。

二．倘前述裁決或協定所用文字非為援引裁決地所在國之正式文字，聲請承認及執行裁決之一造應備具各該文件之此項文字譯本。譯本應由公證或宣誓之繙譯員或外交或領事人員認證之。

### 第五條

一．裁決唯於受裁決援用之一造向聲請承認及執行地之主管機關提具證據證明有下列情形之一時，始得依該造之請求，拒予承認及執行：

（甲）第二條所稱協定之當事人依對其適用之法律有某種無行為能力情形者，或該項協定依當事

人作爲協定準據之法律係屬無效，或未指明以何法律爲準時，依裁決地所在國法律係屬無效者；

(乙) 受裁決援用之一造未接獲關於指派公斷員或公斷程序之適當通知，或因他故，致未能申辯者；

(丙) 裁決所處理之爭議非爲交付公斷之標的或不在其條款之列，或裁決載有關於交付公斷範圍以外事項之決定者，但交付公斷事項之決定可與未交付公斷之事項劃分時，裁決中關於交付公斷事項之決定部分得予承認及執行；

(丁) 公斷機關之組成或公斷程序與各造間之協議不符，或無協議而與公斷地所在國法律不符者；

(戊) 裁決對各造尚無拘束力，或業經裁決地所在國或裁決所依據法律之國家之主管機關撤銷或停止執行者。

二．倘聲請承認及執行地所在國之主管機關認定有下列情形之一，亦得拒不承認及執行公斷裁決：

(甲) 依該國法律，爭議事項係不能以公斷解決者；

(乙) 承認或執行裁決有違該國公共政策者。

第六條

倘裁決業經向第五條第一項(戊)款所稱之主管機關聲請撤銷或停止執行，受理援引裁決案件之機關得於其認爲適當時延緩關於執行裁決之決定，並得依請求執行

一造之聲請，命他造提供妥適之擔保。

第七條

一．本公約之規定不影響締約國間所訂關於承認及執行公斷裁決之多邊或雙邊協定之效力，亦不剝奪任何利害關係人可依援引裁決地所在國之法律或條約所認許之方式，在其許可範圍內，援用公斷裁決之任何權利。

二．一九二三年日內瓦公斷條款議定書及一九二七年日內瓦執行外國公斷裁決公約在締約國間，於其受本公約拘束後，在其受拘束之範圍內不再生效。

第八條

一．本公約在一九五八年十二月三十一日以前聽由任何聯合國會員國及現爲或嗣後成爲任何聯合國專門機關會員國或國際法院規約當事國之任何其他國家，或經聯合國大會邀請之任何其他國家簽署。

二．本公約應予批准。批准文件應送交聯合國秘書長存放。

第九條

一．本公約聽由第八條所稱各國加入。

二．加入應以加入文件送交聯合國秘書長存放爲之。

第十條

一．任何國家得於簽署、批准或加入時聲明將本公約推廣適用於由其負責實國際關係之一切或任何領土。此項聲明於本公約對關係國家生效時發生效力。

二．嗣後關於推廣適用之聲明應向聯合國秘書長提出通知爲之，自聯合國秘書長收到此項通知之日後第九十日起，或自本公約對關係國家生效之日起發生效力，此兩日期以較遲者爲準。

三．關於在簽署、批准或加入時未經

將本公約推廣適用之領土，各關係國家應考慮可否採取必要步驟將本公約推廣適用於此等領土，但因憲政關係確有必要時，自須徵得此等領土政府之同意。

### 第十一條

下列規定對聯邦制或非單一制國家適用之：

(甲)　關於本公約內屬於聯邦機關立法權限之條款，聯邦政府之義務在此範圍內與非聯邦制締約國之義務同；

(乙)　關於本公約內屬於組成聯邦各州或各省之立法權限之條款，如各州或各省依聯邦憲法制度並無採取立法行動之義務，聯邦政府應儘速將此等條款提請各州或各省主管機關注意，並附有利之建議；

(丙)　參加本公約之聯邦國家遇任何其他締約國經由聯合國祕書長轉達請求時，應提供叙述聯邦及其組成單位關於本公約特定規定之法律及慣例之情報，說明以立法或其他行動實施此項規定之程度。

### 第十二條

一．本公約應自第三件批准或加入文件存放之日後第九十日起發生效力。

二．對於第三件批准或加入文件存放後批准或加入本公約之國家，本公約應自各該國存放批准或加入文件後第九十日起發生效力。

### 第十三條

一．任何締約國得以書面通知聯合國祕書長宣告退出本公約。退約應於祕書長收到通知之日一年後發生效力。

二．依第十條規定提出聲明或通知之國家，嗣後得隨時通知聯合國祕書長聲明本公約自祕書長收到通知之日一年後停止適用於關係領土。

三．在退約生效前已進行承認或執行程序之仲裁裁決，應繼續適用本公約。

### 第十四條

締約國除在本國負有適用本公約義務之範圍外，無權對其他締約國援用本公約。

### 第十五條

聯合國祕書長應將下列事項通知第八條所稱各國：

(甲)　依第八條所為之簽署及批准；

(乙)　依第九條所為之加入；

(丙)　依第一條、第十條及第十一條所為之聲明及通知；

(丁)　依第十二條本公約發生效力之日期；

(戊)　依第十三條所為之退約及通知。

### 第十六條

一．本公約應存放聯合國檔庫，其中文、英文、法文、俄文及西班牙文各本同一作準。

二．聯合國祕書長應將本公約正式副本分送第八條所稱各國。

# КОНФЕРЕНЦИЯ ОРГАНИЗАЦИИ ОБЪЕДИНЕННЫХ НАЦИЙ ПО МЕЖДУНАРОДНОМУ ТОРГОВОМУ АРБИТРАЖУ

# КОНВЕНЦИЯ

## О ПРИЗНАНИИ И ПРИВЕДЕНИИ В ИСПОЛНЕНИЕ ИНОСТРАННЫХ АРБИТРАЖНЫХ РЕШЕНИЙ



*ОРГАНИЗАЦИЯ ОБЪЕДИНЕННЫХ НАЦИЙ*
*1958*

TIAS 6997

## КОНВЕНЦИЯ о ПРИЗНАНИИ и ПРИВЕДЕНИИ в ИСПОЛНЕНИЕ ИНОСТРАННЫХ АРБИТРАЖНЫХ РЕШЕНИЙ

### СТАТЬЯ I

1. Настоящая Конвенция применяется в отношении признания и приведения в исполнение арбитражных решений, вынесенных на территории государства иного, чем то государство, где испрашивается признание и приведение в исполнение таких решений, по спорам, сторонами в которых могут быть как физические, так и юридические лица. Она применяется также к арбитражным решениям, которые не считаются внутренними решениями в том государстве, где испрашивается их признание и приведение в исполнение.

2. Термин «арбитражные решения» включает не только арбитражные решения, вынесенные арбитрами, назначенными по каждому отдельному делу, но также и арбитражные решения, вынесенные постоянными арбитражными органами, к которым стороны обратились.

3. При подписании, ратификации или присоединении к настоящей Конвенции или при уведомлении, предусмотренном в статье X етой Конвенции, любое государство может на основе взаимности заявить, что оно будет применять настоящую Конвенцию в отношении признания и приведения в исполнение арбитражных решений, вынесенных только на территории другого Договаривающегося Государства. Оно может также заявить, что оно будет применять настоящую Конвенцию только в отношении споров, возникающих но договорным или иным правоотношениям, которые считаются торговыми по национальному закону государства, делающего такое заявление.

### СТАТЬЯ II

1. Каждое Договаривающееся Государство признает письменное соглашение, по которому стороны обязуются передавать в арбитраж все или какие-либо споры, возникшие или могу-

щие возникнуть между ними в связи с каким-либо конкретным договорным или иным правоотношением, объект которого может быть предметом арбитражного разбирательства.

2. Термин «письменное соглашение» включает арбитражную оговорку в договоре, или арбитражное соглашение, подписанное сторонами, или содержащееся в обмене письмами или телеграммами.

3. Суд Договаривающегося Государства, если к нему поступает иск по вопросу, по которому стороны заключили соглашение, предусматриваемое настоящей статьей, должен, по просьбе одной из сторон, направить стороны в арбитраж, если не найдет, что упомянутое соглашение недействительно, утратило силу или не может быть исполнено.

### СТАТЬЯ III

Каждое Договаривающееся Государство признает арбитражные решения как обязательные и приводит их в исполнение в соответствии с процессуальными нормами той территории, где испрашивается признание и приведение в исполнение этих решений, на условиях, изложенных в нижеследующих статьях. К признанию и приведению в исполнение арбитражных решений, к которым применяется настоящая Конвенции, не должны применяться существенно более обременительные условия или более высокие пошлины или сборы, чем те, которые существуют для признания и приведения в исполнение внутренних арбитражных решений.

### СТАТЬЯ IV

1. Для получения упомянутого в предшествующей статье признания и приведения в исполнению, сторона, испрашивающая признание и приведение в исполнение, при подаче такой просьбы представляет:

a) должным образом заверенное подлинное арбитражное решение, или должным образом заверенную копию такового;

b) подлинное соглашение, упомянутое в статье II, или должным образом заверенную копию такового.

2. Если арбитражное решение или соглашение изложены не на официальном языке той страны, где испрашивается признание и приведение в исполнение этого решения, сторона, которая просит о признании и приведении в исполнение этого решения, представляет перевод этих документов на такой язык. Перевод заверяется официальным или присяжным переводчиком или дипломатическим или консульским учреждением.

### СТАТЬЯ V

1. В признании и приведении в исполнение арбитражного решения может быть отказано по просьбе той стороны, против которой оно направлено, только если эта сторона представит компетентной власти по месту, где испрашивается признание и приведение в исполнение доказательства того, что

a) стороны в соглашении, указанном в статье II, были по применимому к ним закону, в какой-либо мере недееспособны или это соглашение недействительно по закону, которому стороны это соглашение подчинили, а при отсутствии такого указания, по закону страны, где решение было вынесено, или

b) сторона, против которой вынесено решение, не была должным образом уведомлена о назначении арбитра или об арбитражном разбирательстве или по другим причинам не могла представить свои объяснения, или

c) указанное решение вынесено по спору, не предусмотренному или не подпадающему под условия арбитражного соглашения или арбитражной оговорки в договоре, или содержит постановления по вопросам, выходящим за пределы арбитражного соглашения или арбитражной оговорки в договоре, с тем, однако, что если постановления по вопросам, охватываемым арбитражным соглашением или оговоркой, могут быть отделены от тех, которые не охватываются таким соглашением или оговоркой, то та

часть арбитражного решения, которая содержит постановления по вопросам, охватываемым арбитражным соглашением или арбитражной оговоркой в договоре, может быть признана и приведена в исполнение, или

d) состав арбитражного органа или арбитражный процесс не соответствовали соглашению сторон или, при отсутствии такового, не соответствовали закону той страны, где имел место арбитраж, или

e) решение еще не стало окончательным для сторон или было отменено или приостановлено исполнением компетентной властью страны, где оно было вынесено, или страны, закон которой применяется.

2. В признании и приведении в исполнение арбитражного решения может быть также отказано, если компетентная власть страны, в которой испрашивается признание и приведение в исполнение, найдет, что:

a) объект спора не может быть предметом арбитражного разбирательства по законам этой страны, или

b) признание и приведение в исполнение этого решения противоречат публичному порядку этой страны.

### СТАТЬЯ VI

Если перед компетентной властью, указанной в подпункте «e» пункта 1 статьи V, было возбуждено ходатайство об отмене или приостановлении исполнением арбитражного решения, то та власть, к которой обратились с просьбой о признании и приведении в исполнение этого решения, может, если найдет целесообразным, отложить разрешение вопроса о приведении в исполнение этого решения и может также, по ходатайству той стороны, которая просит о приведении в исполнение этого решения, обязать другую сторону представить надлежащее обеспечение.

### СТАТЬЯ VII

1. Постановления настоящей Конвенции не затрагивают действительности многосторонних или двусторонних соглашений в отношении признания и приведения в исполнение ар-

битражных решений, заключенных Договаривающимися Государствами, и не лишают никакую заинтересованную сторону права воспользоваться любым арбитражным решением в том порядке и в тех пределах, которые допускаются законом или международными договорами страны, где испрашивается признание и приведение в исполнение такого арбитражного решения.

2. Женевский протокол 1923 года об арбитражных оговорках и Женевская конвенция 1927 года о приведении в исполнение иностранных арбитражных решений утрачивают силу между Договаривающимися Государствами после того, как для них становится обязательной настоящая Конвенция, и в тех пределах, в которых она становится для них обязательной.

### СТАТЬЯ VIII

1. Настоящая Конвенция открыта до 31 декабря 1958 года для подписания от имени любого члена Организации Объединенных Наций, а также от имени любого государства, которое является или впоследствии станет членом какого-либо специализированного учреждения Организации Объединенных Наций или которое является или впоследствии станет участником Статута Международного Суда, или любого другого государства, которое будет приглашено Генеральной Ассамблеей Организации Объединенных Наций.

2. Настоящая Конвенция подлежит ратификации и ратификационные грамоты депонируются у Генерального Секретаря Организации Объединенных Наций.

### СТАТЬЯ IX

1. Настоящая Конвенция открыта для присоединения всем государствам, упомянутым в статье VIII.

2. Присоединение совершается депонированием грамоты о присоединении у Генерального Секретаря Организации Объединенных Наций.

### СТАТЬЯ X

1. Любое государство может при подписании или ратификации настоящей Конвенции или при

присоединении к ней заявить, что эта Конвенция распространяется на все или некоторые территории, за международные отношения которых оно несет ответственность. Такое заявление вступает в силу одновременно с вступлением в силу настоящей Конвенции в отношении этого государства.

2. В любое время после указанного выше, такое распространение может быть совершено посредством уведомления на имя Генерального Секретаря Организации Объединенных Наций и вступает в силу на девяностый день, считая со дня получения Генеральным Секретарем Организации Объединенных Наций этого уведомления, или в день вступления в силу настоящей Конвенции в отношении соответствующего государства, в зависимости от того, какой срок истекает позднее.

3. Что касается территорий, на которые настоящая Конвенция не будет распространена при подписании или ратификации ее или при присоединении к ней, то каждое заинтересованное государство должно рассмотреть вопрос о возможности принятия мер, необходимых для распространения применения этой Конвенции к указанным территориям при условии согласия правительств таких территорий, где это необходимо по конституционным основаниям.

### СТАТЬЯ XI

К федеративным и неунитарным государствам применяются нижеследующие постановления:

a) по тем статьям настоящей Конвенции, которые относятся к законодательной юрисдикции федеральной власти, обязательства федерального правительства в соответствующих пределах те же, что и обязательства Договаривающихся Государств, которые не являются федеративными государствами;

b) что касается тех статей настоящей Конвенции, которые относятся к законодательной юрисдикции образующих федерацию государств или провинций, не обязаны, согласно конституционной системе федерации, принимать законодательные меры, то федеральное правительство доводит такие статьи со своей благоприятной рекомендацией до сведения надлежащих властей государств или провинций в кратчайший по возможности срок;

c) федеративное государство, участвующее в настоящей Конвенции, представляет, но требованию любого другого Договаривающегося Государства, переданному через Генерального Секретаря Организации Объединенных Наций, справку об имеющих отношение к любому конкретному постановлению настоящей Конвенции законах и практике федерации и ее составных частей, указывая, в какой мере это постановление проведено в жизнь законодательными или иными мерами.

#### СТАТЬЯ XII

1. Настоящая Конвенция вступает в силу на девяностый день, считая со дня депонирования третьей ратификационной грамоты или грамоты о присоединении.

2. Для каждого государства, ратифицирующего настоящую Конвенцию или присоединяющегося к ней после депонирования третьей ратификационной грамоты или грамоты о присоединении, настоящая Конвенция вступает в силу на девяностый день после депонирования этим государством своей ратификационной грамоты или грамоты о присоединении.

#### СТАТЬЯ XIII

1. Любое Договаривающееся Государство может денонсировать настоящую Конвенцию письменным уведомлением на имя Генерального Секретаря Организации Объединенных Наций. Денонсация вступает в силу через год со дня получения этого уведомления Генеральным Секретарем.

2. Любое государство, которое сделало заявление или уведомление на основании статьи X, может в любое время впоследствии заявить в уведомлении на имя Генерального Секретаря Организации Объединенных Наций, что действие настоящей Конвенции в отношении соответствующей территории прекратится через год

со дня получения этого уведомления Генеральным Секретарем.

3. Настоящая Конвенция будет применяться в отношении арбитражных решений, дела о признании и приведении в исполнение которых были начаты до вступления в силу денонсации.

#### СТАТЬЯ XIV

Никакое Договаривающееся Государство не вправе пользоваться настоящей Конвенцией против других Договаривающихся Государств иначе как в тех пределах, в которых оно обязано применять эту Конвенцию.

#### СТАТЬЯ XV

Генеральный Секретарь Организации Объединенных Наций уведомляет государства, упомянутые в статье VIII о нижеследующем:

a) о подписании и ратификациях согласно статье VIII;

b) о присоединениях согласно статье IX;

c) о заявлениях и уведомлениях, вытекающих из статей I, X и XI;

d) о дне вступления настоящей Конвенции в силу согласно статье XII;

e) о денонсациях и уведомлениях согласно статье XIII.

#### СТАТЬЯ XVI

1. Настоящая Конвенция, английский, испанский, китайский, русский и французский тексты которой являются равно аутентичными, хранится в архиве Организации Объединенных Наций.

2. Генеральный Секретарь Организации Объединенных Наций препровождает заверенные копии настоящей Конвенции государствам, упомянутым в статье VIII.

Case 1:20-cv-01130-RJL   Document 1-1   Filed 04/30/20   Page 22 of 51

## CONFERENCIA DE LAS NACIONES UNIDAS
## SOBRE ARBITRAJE COMERCIAL INTERNACIONAL

# CONVENCION

## SOBRE EL RECONOCIMIENTO Y LA EJECUCION
## DE LAS SENTENCIAS ARBITRALES EXTRANJERAS



*NACIONES UNIDAS*
*1958*

**TIAS 6997**

## CONVENCION SOBRE EL RECONOCIMIENTO Y EJECUCION DE LAS SENTENCIAS ARBITRALES EXTRANJERAS

### Artículo I

1. La presente Convención se aplicará al reconocimiento y la ejecución de las sentencias arbitrales dictadas en el territorio de un Estado distinto de aquel en que se pide el reconocimiento y la ejecución de dichas sentencias, y que tengan su origen en diferencias entre personas naturales o jurídicas. Se aplicará también a las sentencias arbitrales que no sean consideradas como sentencias nacionales en el Estado en el que se pide su reconocimiento y ejecución.

2. La expresión "sentencia arbitral" no sólo comprenderá las sentencias dictadas por los árbitros nombrados para casos determinados, sino también las sentencias dictadas por los órganos arbitrales permanentes a los que las partes se hayan sometido.

3. En el momento de firmar o de ratificar la presente Convención, de adherirse a ella o de hacer la notificación de su extensión prevista en el artículo X, todo Estado podrá, a base de reciprocidad, declarar que aplicará la presente Convención al reconocimiento y a la ejecución de las sentencias arbitrales dictadas en el territorio de otro Estado Contratante únicamente. Podrá también declarar que sólo aplicará la Convención a los litigios surgidos de relaciones jurídicas, sean o no contractuales, consideradas comerciales por su derecho interno.

### Artículo II

1. Cada uno de los Estados Contratantes reconocerá el acuerdo por escrito conforme al cual las partes se obliguen a someter a arbitraje todas las diferencias o ciertas diferencias que hayan surgido o puedan surgir entre ellas respecto a una determinada relación jurídica, contractual o no contractual, concerniente a un asunto que pueda ser resuelto por arbitraje.

2. La expresión "acuerdo por escrito" denotará una cláusula compromisoria incluída en un contrato o un compromiso, firmados por las partes o contenidos en un canje de cartas o telegramas.

3. El tribunal de uno de los Estados Contratantes al que se someta un litigio respecto del cual las partes hayan concluído un acuerdo en el sentido del presente artículo, remitirá a las partes al arbitraje, a instancia de una de ellas, a menos que compruebe que dicho acuerdo es nulo, ineficaz o inaplicable.

### Artículo III

Cada uno de los Estados Contratantes reconocerá la autoridad de la sentencia arbitral y concederá su ejecución de conformidad con las normas de procedimiento vigentes en el territorio donde la sentencia sea invocada, con arreglo a las condiciones que se establecen en los artículos siguientes. Para el reconocimiento o la ejecución de las sentencias arbitrales a que se aplica la presente Convención, no se impondrán condiciones apreciablemente más rigurosas, ni honorarios o costas más elevados, que los aplicables al reconocimiento o a la ejecución de las sentencias arbitrales nacionales.

### Artículo IV

1. Para obtener el reconocimiento y la ejecución previstos en el artículo anterior, la parte que pida el reconocimiento y la ejecución deberá presentar, junto con la demanda:

*a)* El original debidamente autenticado de la sentencia o una copia de ese original que reúna las condiciones requeridas para su autenticidad;

*b)* El original del acuerdo a que se refiere el artículo II, o una copia que reúna las condiciones requeridas para su autenticidad.

2. Si esa sentencia o ese acuerdo no estuvieran en un idioma oficial del país en que se invoca la sentencia, la parte que pida el reconocimiento y la ejecución de esta última deberá presentar una traducción a ese idioma de dichos documentos. La traducción deberá ser certificada por un traductor oficial o un traductor jurado, o por un agente diplomático o consular.

### Artículo V

1. Sólo se podrá denegar el reconocimiento y la ejecución de la sentencia, a instancia de la parte contra la cual es invocada, si esta parte prueba ante la autoridad competente del país en que se pide el reconocimiento y la ejecución:

*a)* Que las partes en el acuerdo a que se refiere el artículo II estaban sujetas a alguna incapacidad en virtud de la ley que les es aplicable o que dicho acuerdo no es válido en virtud de la ley a que las partes lo han sometido, o si nada se hubiera indicado a este respecto, en virtud de la ley del país en que se haya dictado la sentencia; o

*b)* Que la parte contra la cual se invoca la sentencia arbitral no ha sido debidamente notificada de la designación del árbitro o del procedimiento de arbitraje o no ha podido, por cualquier otra razón, hacer valer sus medios de defensa; o

*c)* Que la sentencia se refiere a una diferencia no prevista en el compromiso o no comprendida en las disposiciones de la cláusula compromisoria, o contiene decisiones que exceden de los términos del compromiso o de

la cláusula compromisoria; no obstante, si las disposiciones de la sentencia que se refieren a las cuestiones sometidas al arbitraje pueden separarse de las que no han sido sometidas al arbitraje, se podrá dar reconocimiento y ejecución a las primeras; o

*d)* Que la constitución del tribunal arbitral o el procedimiento arbitral no se han ajustado al acuerdo celebrado entre las partes o, en defecto de tal acuerdo, que la constitución del tribunal arbitral o el procedimiento arbitral no se han ajustado a la ley del país donde se ha efectuado el arbitraje; o

*e)* Que la sentencia no es aún obligatoria para las partes o ha sido anulada o suspendida por una autoridad competente del país en que, o conforme a cuya ley, ha sido dictada esa sentencia.

2. También se podrá denegar el reconocimiento y la ejecución de una sentencia arbitral si la autoridad competente del país en que se pide el reconocimiento y la ejecución, comprueba:

*a)* Que, según la ley de ese país, el objeto de la diferencia no es susceptible de solución por vía de arbitraje; o

*b)* Que el reconocimiento o la ejecución de la sentencia serían contrarios al orden público de ese país.

### Artículo VI

Si se ha pedido a la autoridad competente prevista en el artículo V, párrafo 1 *e)*, la anulación o la suspensión de la sentencia, la autoridad ante la cual se invoca dicha sentencia podrá, si lo considera procedente, aplazar la decisión sobre la ejecución de la sentencia y, a instancia de la parte que pida la ejecución, podrá también ordenar a la otra parte que dé garantías apropiadas.

### Artículo VII

1. Las disposiciones de la presente Convención no afectarán la validez de los acuerdos

multilaterales o bilaterales relativos al reconocimiento y la ejecución de las sentencias arbitrales concertados por los Estados Contratantes ni privarán a ninguna de las partes interesadas de cualquier derecho que pudiera tener a hacer valer una sentencia arbitral en la forma y medida admitidas por la legislación o los tratados del país donde dicha sentencia se invoque.

2. El Protocolo de Ginebra de 1923 relativo a las cláusulas de arbitraje y la Convención de Ginebra de 1927 sobre la ejecución de las Sentencias Arbitrales Extranjeras dejarán de surtir efectos entre los Estados Contratantes a partir del momento y en la medida en que la presente Convención tenga fuerza obligatoria para ellos.

### Artículo VIII

1. La presente Convención estará abierta hasta el 31 de diciembre de 1958 a la firma de todo Miembro de las Naciones Unidas, así como de cualquier otro Estado que sea o llegue a ser miembro de cualquier organismo especializado de las Naciones Unidas, o sea o llegue a ser parte en el Estatuto de la Corte Internacional de Justicia, o de todo otro Estado que haya sido invitado por la Asamblea General de las Naciones Unidas.

2. La presente Convención deberá ser ratificada y los instrumentos de ratificación se depositarán en poder del Secretario General de las Naciones Unidas.

### Artículo IX

1. Podrán adherirse a la presente Convención todos los Estados a que se refiere el artículo VIII.

2. La adhesión se efectuará mediante el depósito de un instrumento de adhesión en poder del Secretario General de las Naciones Unidas.

### Artículo X

1. Todo Estado podrá declarar, en el momento de la firma, de la ratificación o de la adhesión, que la presente Convención se hará extensiva a todos los territorios cuyas relaciones internacionales tenga a su cargo, o a uno o varios de ellos. Tal declaración surtirá efecto a partir del momento en que la Convención entre en vigor para dicho Estado.

2. Posteriormente, esa extensión se hará en cualquier momento por notificación dirigida al Secretario General de las Naciones Unidas y surtirá efecto a partir del nonagésimo día siguiente a la fecha en que el Secretario General de las Naciones Unidas haya recibido tal notificación o en la fecha de entrada en vigor de la Convención para tal Estado, si esta última fecha fuere posterior.

3. Con respecto a los territorios a los que no se haya hecho extensiva la presente Convención en el momento de la firma, de la ratificación o de la adhesión, cada Estado interesado examinará la posibilidad de adoptar las medidas necesarias para hacer extensiva la aplicación de la presente Convención a tales territorios, a reserva del consentimiento de sus gobiernos cuando sea necesario por razones constitucionales.

### Artículo XI

Con respecto a los Estados federales o no unitarios, se aplicarán las disposiciones siguientes:

*a)* En lo concerniente a los artículos de esta Convención cuya aplicación dependa de la competencia legislativa del poder federal, las obligaciones del gobierno federal serán, en esta medida, las mismas que las de los Estados Contratantes que no son Estados federales;

*b)* En lo concerniente a los artículos de esta Convención cuya aplicación dependa de la competencia legislativa de cada uno de los Estados o provincias constituyentes que, en

virtud del régimen constitucional de la federación, no estén obligados a adoptar medidas legislativas, el gobierno federal, a la mayor brevedad posible y con su recomendación favorable, pondrá dichos artículos en conocimiento de las autoridades competentes de los Estados o provincias constituyentes;

c) Todo Estado federal que sea Parte en la presente Convención proporcionará, a solicitud de cualquier otro Estado Contratante que le haya sido transmitida por conducto del Secretario General de las Naciones Unidas, una exposición de la legislación y de las prácticas vigentes en la federación y en sus entidades constituyentes con respecto a determinada disposición de la Convención, indicando la medida en que por acción legislativa o de otra índole, se haya dado efecto a tal disposición.

### Artículo XII

1. La presente Convención entrará en vigor el nonagésimo día siguiente a la fecha del depósito del tercer instrumento de ratificación o de adhesión.

2. Respecto a cada Estado que ratifique la presente Convención o se adhiera a ella después del depósito del tercer instrumento de ratificación o de adhesión, la presente Convención entrará en vigor el nonagésimo día siguiente a la fecha del depósito por tal Estado de su instrumento de ratificación o de adhesión.

### Artículo XIII

1. Todo Estado Contratante podrá denunciar la presente Convención mediante notificación escrita dirigida al Secretario General de las Naciones Unidas. La denuncia surtirá efecto un año después de la fecha en que el Secretario General haya recibido la notificación.

2. Todo Estado que haya hecho una declaración o enviado una notificación conforme a lo previsto en el artículo X, podrá declarar en cualquier momento posterior, mediante notifi-

cación dirigida al Secretario General de las Naciones Unidas, que la Convención dejará de aplicarse al territorio de que se trate un año después de la fecha en que el Secretario General haya recibido tal notificación.

3. La presente Convención seguirá siendo aplicable a las sentencias arbitrales respecto de las cuales se haya promovido un procedimiento para el reconocimiento o la ejecución antes de que entre en vigor la denuncia.

### Artículo XIV

Ningún Estado Contratante podrá invocar las disposiciones de la presente Convención respecto de otros Estados Contratantes más que en la medida en que él mismo esté obligado a aplicar esta Convención.

### Artículo XV

El Secretario General de las Naciones Unidas notificará a todos los Estados a que se refiere el artículo VIII:

a) Las firmas y ratificaciones previstas en el artículo VIII;

b) Las adhesiones previstas en el artículo IX;

c) Las declaraciones y notificaciones relativas a los artículos I, X y XI;

d) La fecha de entrada en vigor de la presente Convención, en conformidad con el artículo XII;

e) Las denuncias y notificaciones previstas en el artículo XIII.

### Artículo XVI

1. La presente Convención, cuyos textos chino, español, francés, inglés y ruso serán igualmente auténticos, será depositada en los archivos de las Naciones Unidas.

2. El Secretario General de las Naciones Unidas transmitirá una copia certificada de la presente Convención a los Estados a que se refiere el artículo VIII.

2542     *U.S. Treaties and Other International Agreements*     [21 UST

FOR AFGHANISTAN:
POUR L'AFGHANISTAN:
阿富汗
За Афганистан
POR EL AFGANISTÁN:


FOR ALBANIA:
POUR L'ALBANIE:
阿爾巴尼亞
За Албанию
POR ALBANIA:


FOR ARGENTINA:
POUR L'ARGENTINE:              Subject to the declaration contained in the
阿根廷                           Final Act.
За Аргентину                            C. RAMOS
POR LA ARGENTINA:                       26 August 1958


FOR AUSTRALIA:
POUR L'AUSTRALIE:
澳大利亞
За Австралию
POR AUSTRALIA:


FOR AUSTRIA:
POUR L'AUTRICHE:
奥地利
За Австрию
POR AUSTRIA:

FOR THE KINGDOM OF BELGIUM:
POUR LE ROYAUME DE BELGIQUE:
比利時王國
За Королевство Бельгии
POR EL REINO DE BÉLGICA:

Joseph NISOT

A. HERMENT

FOR BOLIVIA:
POUR LA BOLIVIE:
玻利維亞
За Боливию
POR BOLIVIA:

FOR BRAZIL:
POUR LE BRÉSIL:
巴西
За Бразилию
POR EL BRASIL:

FOR BULGARIA:
POUR LA BULGARIE:
保加利亞
За Болгарию
POR BULGARIA:

    Bulgaria will apply the Convention to recognition and enforcement of awards made in the territory of another contracting State.  With regard to awards made in the territory of non-contracting States it will apply the Convention only to the extent to which these States grant reciprocal treatment.

A. GHEORGIEV
17 XII 1958

FOR THE UNION OF BURMA:
POUR L'UNION BIRMANE:
緬甸聯邦
За Бирманский Союз
POR LA UNIÓN BIRMANA:


FOR THE BYELORUSSIAN SOVIET SOCIALIST REPUBLIC:       F. N. ORYAZNOV
POUR LA RÉPUBLIQUE SOCIALISTE SOVIÉTIQUE DE BIÉLORUSSIE:    29/XII-1958
白俄羅斯蘇維埃社會主義共和國
За Белорусскую Советскую Социалистическую Республику
POR LA REPÚBLICA SOCIALISTA SOVIÉTICA DE BIELORRUSIA:


FOR CAMBODIA:
POUR LE CAMBODGE:
高棉
За Камбоджу
POR CAMBOJA:


FOR CANADA:
POUR LE CANADA:
加拿大
За Канаду
POR EL CANADÁ:


FOR CEYLON:       M. T. D. KANAKARATNE
POUR CEYLAN:       December 30th, 1958
錫蘭
За Цейлон
POR CEILÁN:

FOR CHILE:
POUR LE CHILI:
智利
За Чили
POR CHILE:


FOR CHINA:
POUR LA CHINE:
中國
За Китай
POR LA CHINA:


FOR COLOMBIA:
POUR LA COLOMBIE:
哥侖比亞
За Колумбию
POR COLOMBIA:


FOR COSTA RICA:
POUR LE COSTA-RICA:
哥斯大黎加
За Коста-Рику
POR COSTA RICA:


Alberto F. CAÑAS


FOR CUBA:
POUR CUBA:
古巴
За Кубу
POR CUBA:


TIAS 6997

FOR CZECHOSLOVAKIA:
POUR LA TCHÉCOSLOVAQUIE:
捷克斯拉夫
За Чехословакию
POR CHECOESLOVAQUIA:

Czechoslovakia will apply the Convention to recognition and enforcement of awards made in the territory of another contracting State.  With regard to awards made in the territory of non-contracting States it will apply the Convention only to the extent to which these states grant reciprocal treatment.

Jaroslav PŠČOLKA
October 3, 1958

FOR DENMARK:
POUR LE DANEMARK:
丹麥
За Данию
POR DINAMARCA:

FOR THE DOMINICAN REPUBLIC:
POUR LA RÉPUBLIQUE DOMINICAINE:
多明尼加共和國
За Доминиканскую Республику
POR LA REPÚBLICA DOMINICANA:

FOR ECUADOR:
POUR L'ÉQUATEUR:
厄瓜多
За Эквадор
POR EL ECUADOR:

El Ecuador, a base de reciprocidad, aplicará la Convención al reconocimiento y a la ejecución de sentencias arbitrales dictadas en el territorio de otro Estado Contratante únicamente y sólo cuando tales sentencias se hayan pronunciado sobre litigios surgidos de relaciones jurídicas consideradas commerciales por el Derecho ecuatoriano[1]

José A. CORREA
Dec 17/1958

FOR EL SALVADOR:
POUR LE SALVADOR:
薩爾瓦多
За Сальвадор
POR EL SALVADOR:

M. Rafael URQUÍA

F. R. LIMA

---

[1] For translation see p. 2562.

FOR ETHIOPIA:
POUR L'ETHIOPIE:
阿比西尼亞
За Эфиопию
POR ETIOPÍA:


FOR THE FEDERATION OF MALAYA:
POUR LA FÉDÉRATION DE MALAISIE:
馬來亞聯邦
За Малайскую Федерацию
POR LA FEDERACIÓN MALAYA:


FOR FINLAND:
POUR LA FINLANDE:                              G. A. GRIPENBERG
芬蘭                                           Dec. 29th, 1958
За Финляндию
POR FINLANDIA:


FOR FRANCE:
POUR LA FRANCE:
法蘭西                      G. GEORGES-PICOT
За Францию                  25 Novembre 1958
POR FRANCIA:


FOR THE FEDERAL REPUBLIC OF GERMANY:
POUR LA RÉPUBLIQUE FÉDÉRALE D'ALLEMAGNE:               A. BULOW
德意志聯邦共和國
За Федеративную Республику Германии
POR LA REPÚBLICA FEDERAL ALEMANA:

For GHANA:
Pour le GHANA:
迦納
За Гану
Por GHANA:


For GREECE:
Pour la GRÈCE:
希臘
За Грецию
Por GRECIA:


For GUATEMALA:
Pour le GUATEMALA:
瓜地馬拉
За Гватемалу
Por GUATEMALA:


For HAITI:
Pour HAITI:
海地
За Гаити
Por HAITÍ:


For the HOLY SEE:
Pour le SAINT-SIÈGE:
教廷
За Святейший Престол
Por la SANTA SEDE:

For HONDURAS:
POUR LE HONDURAS:
洪都拉斯
За Гондурас
POR HONDURAS:


FOR HUNGARY:
POUR LA HONGRIE:
匈牙利
За Венгрию
POR HUNGRÍA:


FOR ICELAND:
POUR L'ISLANDE:
冰島
За Исландию
POR ISLANDIA:


FOR INDIA:
POUR L'INDE:
印度
За Индию
POR LA INDIA:

C. K. DAPHTARY


FOR INDONESIA:
POUR L'INDONÉSIE:
印度尼西亞
За Индонезию
POR INDONESIA:

For Iran:
Pour l'Iran:
伊朗
За Иран
Por Irán:


For Iraq:
Pour l'Irak:
伊拉克
За Ирак
Por Irak:


For Ireland:
Pour l'Irlande:
愛爾蘭
За Ирландию
Por Irlanda:


For Israel:
Pour Israël:
以色列
За Израиль
Por Israel:


H. Cohn


For Italy:
Pour l'Italie:
義大利
За Италию
Por Italia:

For Japan:
Pour le Japon:
日本
За Японию
Por el Japón:


For the Hashemite Kingdom of Jordan:
Pour le Royaume hachémite de Jordanie:
約但哈希米德王國
За Хашемитское Королевство Иордании
Por el Reino Hachemita de Jordania:


                    Thabet KHALIDI


For the Republic of Korea:
Pour la République de Corée:
大韓民國
За Корейскую Республику
Por la República de Corea:


For Laos:
Pour le Laos:
寮國
За Лаос
Por Laos:


For Lebanon:
Pour le Liban:
黎巴嫩
За Ливан
Por el Líbano:

FOR LIBERIA:
POUR LE LIBÉRIA:
賴比瑞亞
За Либерию
POR LIBERIA:


FOR LIBYA:
POUR LA LIBYE:
利比亞
За Ливию
POR LIBIA:


FOR LIECHTENSTEIN:
POUR LE LIECHTENSTEIN:
力支腾斯坦因
За Лихтенштейн
POR LIECHTENSTEIN:


FOR THE GRAND DUCHY OF LUXEMBOURG:
POUR LE GRAND-DUCHÉ DE LUXEMBOURG:          Georges HEISBOURG
盧森堡大公國                                   Le 11 novembre 1958
За Великое Герцогство Люксембург
POR EL GRAN DUCADO DE LUXEMBURGO:


FOR MEXICO:
POUR LE MEXIQUE:
墨西哥
За Мексику
POR MÉXICO:

FOR MONACO:
POUR MONACO:
摩納哥
3a Монако                    Marcel PALMARO
POR MÓNACO:                  Le 31/12/58


FOR MOROCCO:
POUR LE MAROC:
摩洛哥
3a Марокко
POR MARRUECOS:


FOR NEPAL:
POUR LE NÉPAL:
尼泊爾
3a Непал
POR NEPAL:


FOR THE KINGDOM OF THE NETHERLANDS:
POUR LE ROYAUME DES PAYS-BAS:
荷蘭王國
3a Королевство Нидерландов
POR EL REINO DE LOS PAÍSES BAJOS:


                    C. SCHURMANN


FOR NEW ZEALAND:
POUR LA NOUVELLE-ZÉLANDE:
紐西蘭
3a Новую Зеландию
POR NUEVA ZELANDIA:

FOR NICARAGUA:
POUR LE NICARAGUA:
尼加拉瓜
За Никарагуа
POR NICARAGUA:


FOR THE KINGDOM OF NORWAY:
POUR LE ROYAUME DE NORVÈGE:
挪威王國
За Королевство Норвегии
POR EL REINO DE NORUEGA:


FOR PAKISTAN:
POUR LE PAKISTAN:                     K. M. KAISER
巴基斯坦                                30th of December 1958
За Пакистан
POR EL PAKISTÁN:


FOR PANAMA:
POUR LE PANAMA:
巴拿馬
За Панаму
POR PANAMÁ:


FOR PARAGUAY:
POUR LE PARAGUAY:
巴拉圭
За Парагвай
POR EL PARAGUAY:

FOR PERU:
POUR LE PÉROU:
祕魯
За Перу
POR EL PERÚ:


FOR THE PHILIPPINE REPUBLIC:
POUR LA RÉPUBLIQUE DES PHILIPPINES:
菲律賓共和國
За Филиппинскую Республику
POR LA REPÚBLICA DE FILIPINAS:

Octavio L. MALOLES

The Philippine delegation signs *ad referendum* this Convention with the reservation that it does so on the basis of reciprocity and declares that the Philippines will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State pursuant to article I, paragraph 3, of the Convention.*

\* *Traduction du Secrétariat:*
La délégation des Philippines signe la présente Convention *ad referendum* en faisant la réserve suivante: sa signature est donnée sur la base de la réciprocité et elle déclare que les Philippines appliqueront la Convention à la reconnaissance et l'exécution des seules sentences rendues sur le territoire d'un autre État contractant, conformément à l'article premier, paragraphe 3, de la Convention.


FOR POLAND:
POUR LA POLOGNE:
波蘭
За Польшу
POR POLONIA:

Jacek MACHOWSKI
With reservations as mentioned in article I, par. 3.*

\* *Traduction du Secrétariat:* Avec la réserve mentionnée à l'article premier, paragraphe 3.

**FOR PORTUGAL:**
**POUR LE PORTUGAL:**
葡萄牙
За Португалию
POR PORTUGAL:


**FOR ROMANIA:**
**POUR LA ROUMANIE:**
羅馬尼亞
За Румынию
POR RUMANIA:


**FOR SAN MARINO:**
**POUR SAINT-MARIN:**
聖馬利諾
За Сан-Марино
POR SAN MARINO:


**FOR SAUDI ARABIA:**
**POUR L'ARABIE SAOUDITE:**
沙烏地阿拉伯
За Саудовскую Аравию
POR ARABIA SAUDITA:


**FOR SPAIN:**
**POUR L'ESPAGNE:**
西班牙
За Испанию
POR ESPAÑA:

FOR THE SUDAN:
POUR LE SOUDAN:
蘇丹
За Судан
POR EL SUDÁN:


FOR SWEDEN:
POUR LA SUÈDE:          Agda RÖSSEL          Dec. 23, 1958
瑞典
За Швецию
POR SUECIA:


FOR SWITZERLAND:
POUR LA SUISSE:          Felix SCHNYDER          29 décembre 1958
瑞士
За Швейцарию
POR SUIZA:


FOR THAILAND:
POUR LA THAÏLANDE:
泰國
За Таиланд
POR TAILANDIA:


FOR TUNISIA:
POUR LA TUNISIE:
突尼西亞
За Тунис
POR TÚNEZ:


FOR TURKEY:
POUR LA TURQUIE:
土耳其
За Турцию
POR TURQUÍA:

FOR THE UKRAINIAN SOVIET SOCIALIST REPUBLIC:
POUR LA RÉPUBLIQUE SOCIALISTE SOVIÉTIQUE D'UKRAINE:
烏克蘭蘇維埃社會主義共和國
За Украинскую Советскую Социалистическую Республику
POR LA REPÚBLICA SOCIALISTA SOVIÉTICA DE UCRANIA:

P. P. UDOVICHENKO
29.XII.1958

FOR THE UNION OF SOUTH AFRICA:
POUR L'UNION SUD-AFRICAINE:
南非聯邦
За Южно-Африканский Союз
POR LA UNIÓN SUDAFRICANA:

FOR THE UNION OF SOVIET SOCIALIST REPUBLICS:
POUR L'UNION DES RÉPUBLIQUES SOCIALISTES SOVIÉTIQUES:
蘇維埃社會主義共和國聯邦
За Союз Советских Социалистических Республик
POR LA UNIÓN DE REPÚBLICAS SOCIALISTAS SOVIÉTICAS:

A. A. SOBOLEV
29-XII-58

FOR THE UNITED ARAB REPUBLIC:
POUR LA RÉPUBLIQUE ARABE UNIE:
聯合阿拉伯共和國
За Объединенную Арабскую Республику
POR LA REPÚBLICA ARABE UNIDA:

FOR THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND:
POUR LE ROYAUME-UNI DE GRANDE-BRETAGNE ET D'IRLANDE DU NORD:
大不列顛及北愛爾蘭聯合王國
За Соединенное Королевство Великобритании и Северной Ирландии
POR EL REINO UNIDO DE LA GRAN BRETAÑA E IRLANDA DEL NORTE:

TIAS 6997

FOR THE UNITED STATES OF AMERICA:
POUR LES ETATS-UNIS D'AMÉRIQUE:
美利堅合衆國
За Соединенные Штаты Америки
POR LOS ESTADOS UNIDOS DE AMÉRICA:


FOR URUGUAY:
POUR L'URUGUAY:
乌拉圭
За Уругвай
POR EL URUGUAY:


FOR VENEZUELA:
POUR LE VENEZUELA:
委內瑞拉
За Венесуэлу
POR VENEZUELA:


FOR VIET-NAM:
POUR LE VIETNAM:
越南
За Вьетнам
POR VIET-NAM:


FOR YEMEN:
POUR LE YÉMEN:
葉門
За Йемен
POR EL YEMEN:


FOR YUGOSLAVIA:
POUR LA YOUGOSLAVIE:
南斯拉夫
За Югославию
POR YUGOESLAVIA:

By its resolution of October 4, 1968, the Senate of the United States of America, two-thirds of the Senators present concurring, gave its advice and consent to accession to the Convention with the following declarations:

"The United States of America will apply the Convention, on the basis of reciprocity, to the recognition and enforcement of only those awards made in the territory of another Contracting State."

"The United States of America will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the United States."

The accession of the United States of America to the Convention was approved by the President of the United States of America with the aforesaid declarations on September 1, 1970, and the instrument of accession was deposited with the Secretary-General of the United Nations on September 30, 1970;

In accordance with paragraph 2 of Article XII, the Convention will enter into force for the United States of America on December 29, 1970, the ninetieth day after the deposit of its instrument of accession;

In accordance with paragraph 2 of Article X and pursuant to a notification by the Government of the United States of America received by the Secretary-General of the United Nations on November 3, 1970, the application of the aforesaid Convention will extend, with effect from February 1, 1971, to all the territories for the international relations of which the United States of America is responsible;

Now, THEREFORE, I, Richard Nixon, President of the United States of America, proclaim and make public the Convention on the Recognition and Enforcement of Foreign Arbitral Awards to the end that, subject to the aforesaid declarations, it shall be observed and fulfilled, as to the United States of America on and after December 29, 1970, and as to all the territories for the international relations of which the United States of America is responsible on and after February 1, 1971, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this eleventh day of December in the year of our Lord one thousand nine hundred seventy and
[SEAL]    of the Independence of the United States of America the one hundred ninety-fifth.

RICHARD NIXON

By the President:
    WILLIAM P ROGERS
        *Secretary of State*

TIAS 6997

## Note by the Department of State

List of countries parties to the convention as of December 29, 1970, with texts of declarations and reservations made at the time of signature of the convention or deposit of the instrument of ratification or accession.

| Country | Date of deposit of ratification or accession (a) |
|---|---|
| Austria | May 2, 1961(a) |

The Republic of Austria will apply the Convention, in accordance with the first sentence of article I(3) thereof, only to the recognition and enforcement of arbitral awards made in the territory of another Contracting State. [Translation]

| Bulgaria | October 10, 1961 |
|---|---|

Bulgaria will apply the Convention to recognition and enforcement of awards made in the territory of another contracting State. With regard to awards made in the territory of non-contracting States it will apply the Convention only to the extent to which these States grant reciprocal treatment. [Translation]

| Byelorussian Soviet Socialist Republic | November 15, 1960 |
|---|---|

The Byelorussian Soviet Socialist Republic will apply the provisions of this Convention in respect to arbitral awards made in the territories of non-contracting States only to the extent to which they grant reciprocal treatment. [Translation]

| Cambodia | January 5, 1960(a) |
|---|---|
| Central African Republic | October 15, 1962(a) |

Referring to the possibility offered by paragraph 3 of article I of the Convention, the Central African Republic declares that it will apply the Convention on the basis of reciprocity, to the recognition and enforcement of awards made only in the territory of another contracting State; it further declares that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under its national law. [Translation]

| Ceylon | April 9, 1962 |
|---|---|

| Country | Date of deposit of ratification or accession (a) |
|---|---|
| Czechoslovakia | July 10, 1959 |

"Czechoslovakia will apply the Convention to recognition and enforcement of awards made in the territory of another contracting State. With regard to awards made in the territory of non-contracting States it will apply the Convention only to the extent to which these States grant reciprocal treatment."

| | |
|---|---|
| Ecuador | January 3, 1962 |

Ecuador, on the basis of reciprocity, will apply the Convention to the recognition and enforcement of arbitral awards made in the territory of another contracting State only if such awards have been made with respect to differences arising out of legal relationships which are regarded as commercial under Ecuadorean law. [Translation]

| | |
|---|---|
| Finland | January 19, 1962 |
| France [1] | June 26, 1959 |

Referring to the possibility offered by paragraph 3 of article I of the Convention, France declares that it will apply the Convention on the basis of reciprocity, to the recognition and enforcement of awards made only in the territory of another contracting State; it further declares that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under its national law. [Translation]

| | |
|---|---|
| Germany, Federal Republic of [2] | June 30, 1961 |

"With respect to paragraph 1 of article I, and in accordance with paragraph 3 of article I of the Convention, the Federal Republic of Germany will apply the Convention only to the recognition and enforcement of awards made in the territory of another Contracting State."

| | |
|---|---|
| Ghana | April 9, 1968(a) |
| Greece | July 16, 1962(a) |

---

[1] Extended to all territories of the French Republic.
[2] Applicable to Land Berlin.

| Country | Date of deposit of ratification or accession (a) |
|---|---|
| Hungary | March 5, 1962(a) |

". . . the Hungarian People's Republic shall apply the Convention to the recognition and enforcement of such awards only as have been made in the territory of one of the other Contracting States and are dealing with differences arising in respect of a legal relationship considered by the Hungarian law as a commercial relationship."

| India | July 13, 1960 |
|---|---|

"In accordance with Article I of the Convention, the Government of India declare that they will apply the Convention to the recognition and enforcement of awards made only in the territory of a State, party to this Convention. They further declare that they will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the Law of India."

| Israel | January 5, 1959 |
|---|---|
| Italy | January 31, 1969(a) |
| Japan | June 20, 1961(a) |

". . . it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State."

| Malagasy Republic | July 16, 1962(a) |
|---|---|

The Malagasy Republic declares that it will apply the Convention on the basis of reciprocity, to the recognition and enforcement of awards made only in the territory of another Contracting State; it further declares that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under its national law. [Translation]

| Morocco | February 12, 1959(a) |
|---|---|

The Government of His Majesty the King of Morocco will only apply the Convention to the recognition and enforcement of awards made only in the territory of another contracting State. [Translation]

| Country | Date of deposit of ratification or accession (a) |
|---|---|
| Netherlands [¹]_____ | April 24, 1964 |
| Referring to paragraph 3 of article I of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, the Government of the Kingdom declares that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. [Translation] | |
| Niger_____ | October 14, 1964(a)· |
| Nigeria_____ | March 17, 1970(a) |
| "In accordance with paragraph 3 of article I of the Convention, the Federal Military Government of the Federal Republic of Nigeria declares that it will apply the Convention on the basis of reciprocity to the recognition and enforcement of awards made only in the territory of a State party to this Convention and to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the Laws of the Federal Republic of Nigeria." | |
| Norway_____ | March 14, 1961(a) |
| "1. We will apply the Convention only to the recognition and enforcement of awards made in the territory of one of the Contracting States."<br>"2. We will not apply the Convention to differences where the subject matter of the proceedings is immovable property situated in Norway, or a right in or to such property." | |
| Philippines_____ | July 6, 1967 |
| ". . . the Philippines, on the basis of reciprocity, will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State and only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration." | |
| Poland_____ | October 3, 1961 |
| "With reservations as mentioned in article I, par. 3." | |

¹ Applicable to the Kingdom in Europe, Surinam and the Netherlands Antilles.

| Country | Date of deposit of ratification or accession (a) |
|---|---|
| Romania | September 13, 1961(a) |

The Romanian People's Republic will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under its legislation.

The Romanian People's Republic will apply the Convention to the recognition and enforcement of awards made in the territory of another Contracting State. As regards awards made in the territory of certain non-contracting States, the Romanian People's Republic will apply the Convention only on the basis of reciprocity established by joint agreement between the parties. [Translation]

| Switzerland | June 1, 1965 |
|---|---|

Referring to the possibility offered by paragraph 3 of article I, Switzerland will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. [Translation]

| Syria | March 9, 1959(a) |
|---|---|
| Tanzania | October 13, 1964(a) |

"The Government of the United Republic of Tanganyika and Zanzibar will apply the Convention, in accordance with the first sentence of article 1(3) thereof, only to the recognition and enforcement of awards made in the territory of another Contracting State."

| Thailand | December 21, 1959(a) |
|---|---|
| Trinidad and Tobago | February 14, 1966(a) |

"In accordance with Article I of the Convention, the Government of Trinidad and Tobago declares that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. The Government of Trinidad and Tobago further declares that it will apply the Convention only to differences arising out of legal relationships, whether contracted or not, which are considered as commercial under the Law of Trinidad and Tobago."

| Country | Date of deposit of ratification or accession (a) |
|---|---|
| Tunisia | July 17, 1967(a) |
| . . . with the reservations provided for in article I, paragraph 3, of the Convention, that is to say, the Tunisian State will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State and only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under Tunisian law. [Translation] | |
| Ukranian Soviet Socialist Republic | October 10, 1960 |
| The Ukrainian Soviet Socialist Republic will apply the provisions of this Convention in respect to arbitral awards made in the territories of non-contracting States only to the extent to which they grant reciprocal treatment. [Translation] | |
| Union of Soviet Socialist Republics | August 24, 1960 |
| The Union of Soviet Socialist Republics will apply the provisions of this Convention in respect to arbitral awards made in the territories of non-contracting States only to the extent to which they grant reciprocal treatment. [Translation] | |
| United Arab Republic | March 9, 1959(a) |
| United States of America [1] | September 30, 1970(a) |
| "The United States of America will apply the Convention, on the basis of reciprocity, to the recognition and enforcement of only those awards made in the territory of another Contracting State." | |
| "The United States of America will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the United States." | |

---

[1] Extended to all the territories for the international relations of which the United States of America is responsible, with effect from Feb. 1, 1971.